Goffney v. State 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-91-199-CR

     LARRY GOFFNEY,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 82nd District Court
Falls County, Texas
Trial Court # M-2910
                                                                                                    

O P I N I O N
                                                                                                    

      Larry Goffney appeals his conviction for the misdemeanor offense of driving while
intoxicated. Goffney was found guilty by a jury, and the trial court assessed punishment at two
years in the county jail—probated—and a $750 fine. On appeal Goffney asserts that he was denied
the right to a speedy trial. We affirm.
      The right to a speedy trial is guaranteed by the Sixth Amendment to the United States
Constitution as applied through the Fourteenth Amendment.


 The same right is assured by article
1, section 10, of the Texas Constitution and article 1.05 of the Texas Code of Criminal
Procedure.



      In determining whether an accused has been denied the right to a speedy trial, we must
employ a balancing test as set out by the United States Supreme Court in Barker v. Wingo.


 The
factors to be considered are: (1) the length of the delay; (2) the reason for the delay; (3) the
defendant's assertion of the right; and (4) the prejudice to the defendant resulting from the delay.


 
We will consider each of these factors as applied to the record before us.
Length of Delay
      The length of the delay is measured from the time the defendant is formally accused or
arrested until the time of trial.


 No specific length of delay automatically constitutes a violation
of the right to a speedy trial.


 In the present case, Goffney was arrested on January 21, 1989, and
the complaint was filed on January 25, 1989. Goffney's trial began on August 20, 1991, resulting
in a delay of approximately two years and seven months.
Reason for Delay
      In considering the reason for the delay, different weight should be assigned to different
reasons. Deliberate attempts to hamper the defense weigh heavily against the State, and
circumstances such as missing witnesses will justify a delay, but in most instances the delay will
be caused by more neutral reasons such as overcrowded court dockets, which are weighed less
heavily against the State.



      The reason for the delay in the present case is not developed in the record. There is no
evidence of any deliberate or intentional acts by the State or the trial court in an effort to delay
Goffney's trial. There is no indication in the record that he ever requested a trial setting. On
August 2, 1991, Goffney filed a pro se motion to dismiss due to the delay, which, he argued, was
due to his refusal to hire an attorney. Again, however, the record contains no testimony that
would substantiate this argument. The burden of excusing the delay rests with the State, and in
light of a silent record, it must be presumed that no valid reason for the delay existed.



Goffney's Assertion of His Rights
      A defendant's assertion of his speedy trial right is entitled to strong evidentiary weight in
determining whether the defendant is being deprived of the right. Failure to assert the right,
however, will make it difficult to prove that he was denied a speedy trial.


 Although the record
reflects that from March 28, 1989, to May 23, 1991, five pre-trial hearings were set, and Goffney
claims in his brief that he appeared at each hearing, there is no evidence in the record that he
asserted a speedy trial claim at any time before he filed his pro se motion to dismiss on August 2,
1991. Based on our review of the record before us, it is clear that Goffney's prime objective was
not to gain a speedy trial, but was instead to have the charge against him dismissed. Although a
motion to dismiss can notify the State and the court of a speedy trial claim, a defendant's
motivation in asking for dismissal rather than a prompt trial is clearly relevant and may sometimes
attenuate the strength of his claim.



The Prejudice to Goffney
      Three interests must be considered when determining prejudice to the defendant: (1) to
prevent oppressive pre-trial incarceration; (2) to minimize anxiety and concern of the accused; and
(3) to limit the possibility that the defense will be impaired.


 Proof of actual prejudice is not
required. The defendant must only make "some showing" that the delay has been prejudicial.



      Goffney argues that the excessive delay has impaired his defense in three ways. First, he
argues that because many of his witnesses moved frequently it became more difficult to contact
them as time went by. According to Goffney, these witnesses would have been able to verify his
claim that he drank only four beers. Although Goffney is not required to show that these
witnesses would have definitely testified in his favor, he must at least make some showing that
they were material witnesses.


 Goffney has failed to meet this burden. The record is completely
void of any evidence identifying these witnesses or indicating that they had any knowledge
material to Goffney's case.
      Goffney also argues that his defense was prejudiced because a prior conviction for possession
of cocaine became final during the delay and was, therefore, introduced by the prosecutor as
impeachment evidence. However, Goffney has failed to make a clear showing of prejudice
directly attributable to his impeachment with a prior conviction. The record does not indicate
when the prior conviction became final. Furthermore, no statement of facts of the trial in this case
was filed in the court of appeals.


 Therefore, we are unable to determine how the prosecutor used
the prior conviction in the present case or how Goffney has been prejudiced.
      Finally, Goffney argues that he has been prejudiced because the machine used to perform the
intoxilyzer test had been replaced during the period of delay. Again, however, Goffney has made
no showing in the record of how he has been prejudiced by the unavailability of the machine.
Conclusion
      We must now engage in a difficult and sensitive balancing process in which none of the four
factors alone are either necessary or sufficient to a finding of deprivation of the right to a speedy
trial.


 In this case we find a delay of two years and seven months between the information and
the trial. Although the docket sheet reflects that a trial setting was planned for April 24, 1989,
that setting was apparently passed because Goffney was unable to retain an attorney. Further,
rather than actively and persistently asserting his right to a speedy trial, Goffney sought dismissal
of the charges against him. Finally, Goffney has failed to make some showing of prejudice
resulting from the delay. Under the circumstances of the case, we hold that Goffney was not
denied his right to a speedy trial.



      We affirm the judgment.
 
                                                                                 BOBBY L. CUMMINGS
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed July 8, 1992
Do not publish